# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION<br><br>*Plaintiff*,<br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Defendant*. | Case No.: 1:18-cv-00357-RHH |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY

Plaintiff, Ute Indian Tribe of the Uintah & Ouray Reservation ("Tribe") files this response in opposition to the United States' motion to stay this case for what would likely be years.[1] As discussed below, the Tribe's concern is that a stay will

[1] The United States asserts this case should be stayed because it is "likely" that the District Court will, in its final order based upon the record in the related case, rule on whether the Tribe had recognized title under the 1880 Act. That final order is likely years away. The District Court will not take up the merits issue until it resolves the motion to dismiss four of the five claims, then sets the administrative record or the parties complete discovery, then the parties brief the merits of the case. As the United States' use of the word "likely" shows, it is possible that after all that time, the District Court might not even resolve the issue that this Court has stated will need to be resolved.

At a recent status conference in the District Court, the Court informed the parties that it was likely to set oral argument on the motion to dismiss, but only after the Tribe filed any motions to amend or amendments to the complaints in two cases between the Tribe and the United States in the District Court, and then after the parties submitted any briefing on renewed motions to dismiss any amended complaints in the two cases. The amendments are due March 20, 2020, and the Tribe will be amending one, and possibly both, complains by that date.

delay resolution of this matter for years, without substantial benefit to the Court or the Tribe.

The United States' stated basis[2] for moving to stay this case is not yet a ripe issue for review. Whether it would become ripe and supported at a future date depends on contingencies, including when decisions are issued and what decisions are issued in the related District Court suit.

The Tribe filed this case in this Court and a partially related case in the District Court. It had a right to file both cases and had to file cases in both courts because of the cumbersome jurisdictional scheme involving claims against the United States. If the Defendant were anyone other than the United States, the Tribe would have been able to join all of its claims in a single case, but it cannot do so here. The Tribe currently has five claims pending in the District Court.

As the United States acknowledges, the next major stage of this case is discovery. Dkt. 30 at 6. There is no reason to delay that stage of the case.

In the related case, the United States filed a motion to dismiss four of the Tribe's five counts. The Tribe responded that none of those four counts should be

---

[2] The Tribe is skeptical that the United States' stated basis is its actual basis. The United States did not move to stay this case based upon judicial economy or related concerns when this Court was about to expend substantial time to decide the motion to dismiss, but the United States now moves to stay based upon judicial economy when this case is entering the discovery phase, where the Court should have to expend little time. The United States did not raise the issue until after: 1) this Court issued its decision on the motion to dismiss, in which it denied in part the United States' motion; and 2) the District Court case was reassigned to a new judge. DDC Dkt. 62 (Sept 4, 2019).

dismissed. If any of those four counts survives the motion to dismiss, then the next major step in that related case will also be discovery.

The United States asserts, that if the United States prevails on its motion to dismiss on all four of the claims in the District Court, the remaining claim in the District Court will not require discovery. From this, the United States concludes that this Court should stay discovery in this case because, the United States asserts, it could prevail in the District Court without ever having to provide discovery.

The Tribe disagrees with the United States' legal argument. The Tribe's contention is that the United States draws a conclusion from its starting premise that is 180 degrees off. If, as the United States hopes will be the result from decisions months down the road in the District Court, there is not discovery in that case, there is still a right to discovery in this case; and this Court cannot decide this case based solely upon the administrative record created in a federal agency.[3] Lack of discovery in the other case would not support, not defeat, the need for discovery in this case.

[3] For example, the United States notes that if it prevails in its partial motion to dismiss in the related case, it will argue that case then must be decided solely on the documents that the Agency choose to place into the administrative record. But the United States also notes, Dkt. 30 at 6, that in this case, it would have the obligation to conduct discovery review for additional relevant historical documents in its possession or control. The Tribe agrees that discovery in this case will require historical discovery, and that this Court would then need to decide this case based upon the evidence in this case.

It is only if there is discovery in the related case that there might be a basis for this Court or the District Court to defer to the other on discovery matters.[4]

The Tribe also disagrees with the United States' legal argument for stay because, even if one assumed *arguendo* that four of the five claims in the District Court were to be dismissed, one simply cannot yet tell whether discovery would be required on the remaining claim in that case. The general rule is that there is not discovery in an administrative case, but until the motion to dismiss is resolved, one cannot analyze whether the case would fit within an exception to that general rule.

But more significantly for current purposes, the "if" portion of the United States' argument has not yet occurred. The United States has not prevailed on its motion to dismiss four of the five counts; and the Tribe's view is that it is unlikely the United States will prevail. This case should proceed at this time. If the United States were to prevail on all parts of its motion to dismiss in the related case, it could come back to this Court at that time, and the Court would then need to decide whether to stay based upon the procedural posture and arguments at that point.

[4] Since it will be many months before the District Court gets to the discovery phase of its case, it might at that point make more sense for the District Court to defer to this Court on those discovery issues where there is overlap. The parties and the Court can cross that bridge if and when they get to it.

Respectfully submitted this 21st day of February, 2020.

**FREDERICKS PEEBLES & PATTERSON LLP**

By: */s/ Jeffrey S. Rasmussen*
Jeffrey S. Rasmussen (Attorney of Record)
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155
Email: jrasmussen@ndnlaw.com
*Attorneys for Plaintiffs*

Of Counsel:
Jeremy J. Patterson
FREDERICKS PEEBLES & PATTERSON LLP
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155
jpatterson@ndnlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February, 2020, I electronically filed the **PLAINTIFF'S RESPONSE IN OPPOSITION TO STAY** with the Clerk of the Court via the ECF filing system, which will send notification of such filing to all parties of record.

*/s/ Jeffrey S. Rasmussen*
Jeffrey S. Rasmussen