**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION<br><br>*Plaintiff*,<br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Defendant*. | Case No.: 1:18-cv-00357-RHH<br><br>Senior Judge Robert H. Hodges, Jr. |
|---|---|

**JOINT STATUS REPORT**

Pursuant to this Court's order, dated October 26, 2020 (the "***Order***"), the parties submit this joint status report addressing their positions on the scope of necessary discovery and a proposed schedule for further proceedings. In order to address the issues raised in the Order, the parties agree some discovery will be necessary before the filing of dispositive motion(s) under RCFC 56 as the Order contemplates (and as discussed in the parties' JPSR, Doc. No. 35). However, the parties disagree on the scope of such discovery.

**Request for status conference**

In its October 26, 2020 order, the Court requested the parties view on whether a status conference would be beneficial. The parties agree that it would be beneficial.

**Scope of Necessary Discovery**

United States' Position

In keeping with this Court's Order and Opinion on the United States' Motion to Dismiss, dated November 4, 2019, and its statements in the more-recent Order, it is the United States' position that this case should be bifurcated into a liability phase and a damages phase. In addition,

as this Court has recognized, there are threshold issues that need to be addressed, and those issues should be resolved before the parties expend significant resources in conducting more broad-ranging discovery, let alone discovery that may be necessary to address any damages, should liability be established.[1] And, indeed, this Court lacks jurisdiction to allow discovery on financial issues or an accounting, except "in aid of judgment if the Tribe [first] establishes a taking." *Order and Opinion*, Doc. No. 27, at 34 n. 17. Thus, it is the United States position that at this time discovery and any related dispositive motion(s) should be limited to the following issues:

(1) Whether the Tribe ever held recognized title to the public lands within the boundaries of the original Uncompahgre Reservation?[2]

(2) If the Tribe held or holds title to public lands within the boundaries of the original Uncompahgre Reservation, what was or is the scope or extent of the Tribe's interest in or title to those lands within the applicable statute of limitations period?

(3) What specific actions, if any, within the applicable statute of limitations period, did the Federal Government take that allegedly resulted in a plausible claim for an unconstitutional taking?

---

[1] Limiting discovery to those preliminary questions identified by the Court will also be more efficient (and less time-consuming) than a large scale search of and collection from Federal archives of any document that could potentially be relevant to any and all issues in this case. The United States' request for a six month discovery period is based on the questions presented for resolution. Should this Court determine more far-reaching discovery is appropriate at this time, a substantially longer discovery period would be required.

[2] The Court's more-recent Order refers to the "Uncompahgre Reservation," however, it should be noted that the nature of the Tribe's interest in the entirety of the original Uncompahgre Reservation is not at issue in this lawsuit; only the Tribe's interest in certain areas designated as public lands within the original boundaries is in question. *See, e.g.,* Doc. No. 1, ¶¶ 59, 61; Doc. No. 15, at 5; Doc. No. 21, at 8 n. 4 & 9 n. 5.

In addressing these issues, the United States would like limited discovery from the Tribe consisting of interrogatories and/or requests for admission for the purpose of clarifying the Tribe's claims in this lawsuit.[3] Specifically, the United States would like to issue interrogatories addressed towards, among other things, the geographic boundaries or area that the Tribe claims has been taken, the specific acts the Tribe alleges have resulted in a taking of its property, the dates and scope of those acts, and other similar questions or ambiguities raised by the pleadings. Any requests for admissions would be directed toward the same issues as well as to the authenticity of various historical or other documents. The United States does not believe depositions are necessary or appropriate at this time, though it reserves its right to notice them.

Ute Tribe's Position

The Tribe's position is that there should be a single discovery period for all issues in the case, including damages. At the close of that discovery, both sides would then be able to submit motions for summary judgement.

This Court has discretion to determine whether or not to bifurcate discovery, but in exercising that authority, the Court must bear in mind that bifurcation is the exception, not the norm. *Ziemkiewicz v. R±L Carriers, Inc.*, No. CIV.A. RDB-13-00438, 2013 WL 2299722, at *2 (D. Md. May 24, 2013) ("While the court enjoys broad discretion to bifurcate discovery, "bifurcation of discovery is the exception, rather than rule, and it is clear that in most instances, regular-that is, unbifurcated-discovery is more efficient."). The Tribe is the plaintiff, seeking to resolve its claims. The Tribe does not want to bifurcate discovery.

---

[3] The United States does not presently anticipate the need to request documents or other materials from the Tribe, however, the United States does not intend to waive its right to issue such requests.

There is no impediment to conducting discovery on damages prior to resolution of other issues, and the Tribe's view is that delaying discovery on damages will delay resolution of this case by a year. The Tribe does not want to delay that resolution of the case.[4]

In its order, the Court set out three non-damage questions that need to be resolved. On the first of those questions, the Tribe's view is that not only does the Tribe have recognized tittle, but the United States does not have a substantial argument to the contrary, and that the Tribe therefore has a solid takings claim. The Tribe also believes that its claim is not barred by the statute of limitations. The briefing to date discusses legal issues which the Court would resolve which would determine how far back in time the Tribe would be able to go in its claim, but discovery on damages under each of those scenarios can readily be accomplished at this time, and that the work to calculate the damages using each arguable cut-off date would be little more than a recalculation of a mathematical formula.[5]

The Tribe's understanding is that the United States wants to bifurcate discovery, so that it (but not the Tribe) would then be able to move for summary judgment at the close of the first discovery period. That motion would then be resolved about a year from now. If its motion were denied, the United States would then want a new and lengthy discovery period regarding damages, and then a new round of summary judgment motions. Having consecutive discovery periods will

---

4 The United States asserts that this Court is required to bifurcate discovery on damages from discovery on other elements of a claim. It is wrong. As noted above, this Court is not required to bifurcate. In support of its contrary argument, the United States asserts footnote 17 of this Court November 4, 2019 order requires bifurcation because liability has not yet been established. The United States interpretation would appear to require bifurcation in every case before this Court.

5 One of the substantial components of damages is that the United States has been taking oil as if it owned that oil in fee, when in fact it owns the oil in trust for the Tribe. Discovery of the amount of money the United States has received from that oil should be easy to complete.

not expedite resolution of this case, and the Tribe's expectation is that it would delay resolution of this case by about a year.

**Proposed Discovery Schedule**

In addition to the limited discovery proposed above, the United States also believes that a discovery period is necessary in order for it to complete its search of historical records and government archives. As noted in its Motion to Stay, many relevant documents are included in the administrative record associated with the related DDC Action. However, there are potentially other historical documents related to and material to the issues identified by this Court. The United States has been researching and collecting documents related to these issues during the pendency of this action. Nevertheless, the United States believes that other potentially relevant documents are located within various Federal archives that are currently closed as a result of the COVID-19 pandemic, including the National Archives and various BLM and BIA field offices and record repositories. The United States has, so far, been unable to search these records but would like the opportunity to do so before briefing the issues identified in the Order.

**Agreed Request for six-month discovery period**

The parties agree that a preliminary discovery period of six-months to conduct discovery and other research would be appropriate (subject to extension if necessary in light of continued COVID-19 restrictions or related delays). Following the expiration of the discovery period, the parties propose submitting another joint status report setting forth a proposed schedule for further proceedings, including a schedule for dispositive briefing on the issues identified in the Court's most-recent Order.

Respectfully submitted this 9th day of November, 2020.

PAUL E. SALAMANCA
Deputy Assistant Attorney General

By: */s/ Brigman L. Harman (with permission)*
Brigman L. Harman
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street, NE
Washington, D.C. 20002
Tel: (202) 616-4119
Fax: (202) 305-0506
Email: Brigman.Harman@usdoj.gov
*Attorney for Defendant United States of America*

*/s/ Jeffrey S. Rasmussen*
Jeffrey S. Rasmussen
Patterson Earnhart Real Bird & Wilson LLP
357 S. McCaslin Blvd., Ste. 200
Louisville, CO 80027
(303) 926-5292
jrasmussen@nativelawgroup.com
*Attorney for Plaintiff Ute Indian Tribe.*