# In the United States Court of Federal Claims

UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

Case No. 18-357 L
(Filed: September 11, 2024)

**ORDER**

On March 7, 2018, the Ute Indian Tribe filed a complaint alleging that the government breached its trust and fiduciary duties, violated several statutes, and violated the Fifth Amendment when it took the Tribe's surplus property within the Uncompahgre Reservation. ECF No. 1 at 1-2 [¶¶1-2]. The government moved to dismiss the Tribe's complaint, or in the alternative, moved for summary judgment that the Tribe waived its claims when it entered into a 1965 agreement with the government to settle the Tribe's Indian Claims Commission case for the value of the Uncompahgre Reservation it alleged it was promised under the Act of June 15, 1880 (ch. 227 § 3, 21 Stat. 199, 201). ECF No. 15. Judge Hodges granted the motion to dismiss in part: He dismissed the Tribe's trust and statutory violation claims, but he did not dismiss the Tribe's takings claim because title to the reservation and the date of the taking were unclear. ECF No. 27 at 2, 33-34. He reserved the accounting claims for later. *Id.* at 34.

After the case was reassigned to Judge Lerner in 2022 (ECF No. 51), the government moved for summary judgment on whether the Tribe "possesses a compensable interest in the lands at issue." ECF No. 75 at 1. The case was then transferred to me. ECF No. 79. Oral argument on

the summary judgment motion is scheduled for November 20, 2024. To assist the court ahead of oral arguments, the court orders the parties to submit additional briefing. The briefs should address the following questions:

(1) What is the relationship between the 1965 and 2012 settlement agreements?

  a. How do those agreements interact?

  b. What is the effect, if any, of the 2012 settlement's waiver provision on the 1965 settlement's waiver provision?

(2) What is the Tribe's response to the government's argument that (a) the Indian Claims Commission Act bars any pre-August 13, 1946 claims not brought before the Commission by 1951; and (b) the that the resulting 1965 settlement agreement released all claims? *See* ECF No. 75 at 30; *see also* ECF No. 83 at 2.

(3) What is the status of the two other related cases: *Ute Indian Tribe of the Uintah and Ouray Reservation v. United States*, No. 18-cv-00546 (D.D.C) (Nichols, J.) and *Ute Indian Tribe of the Uintah and Ouray Reservation v. Dep't of Interior*, No. 21-cv-00573 (D. Utah) (Parrish, J.)? What is the overlap between the issues in those cases and this case?

The Ute Indian Tribe shall file its brief by September 30, 2024. The government shall file its brief by October 18, 2024. Each brief shall not exceed twelve pages, double-spaced in twelve-point font.

**IT IS SO ORDERED.**

s/ Molly R. Silfen
MOLLY R. SILFEN
Judge